### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID LASSEGUE, | No. 4:21-CV-01466 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| UNITED STATES, *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION

### JULY 29, 2022

Plaintiff David Lassegue ("Lassegue"), a federal inmate currently confined in the United States Penitentiary, Leavenworth, Kansas, commenced the above captioned Federal Tort Claims Act (FTCA)[1] and *Bivens*[2] action on August 25, 2021, against the United States and various other individuals employed at USP-Allenwood and USP-Pollock, Plaintiff's former places of confinement.[3]  He asserts a negligence claim against the United States concerning his security classification.[4]  Specifically, Lassegue alleges that because of a miscalculation of security points, he was erroneously designated to a maximum security penitentiary (USP-Allenwood) where he was assaulted and sustained debilitating injuries.[5]

---

[1]  28 U.S.C. § 2671, *et seq.*
[2]  *Bivens v. Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).
[3]  Doc. 1.
[4]  *Id*.
[5]  *Id*.

Presently pending is the United States' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or for summary judgment pursuant to Federal Rule of Civil Procedure 56.[6]  For the reasons that follow, the Court will grant Defendant's motion.

## I.      STANDARDS OF REVIEW

### A.      Motion to Dismiss

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[7]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[8]  In addition to considering the facts alleged on the face of the complaint, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[9]

However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[10]  "Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.  First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.' *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937.  Second,

---

[6]   Doc. 20.
[7]   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[8]   *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[9]   *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).
[10]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' *Id*. at 679, 129 S.Ct. 1937.  *See also Burtch v. Milberg Factors, Inc*., 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth."  (citation and editorial marks omitted)).  Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937."[11]  Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

### B.    Motion for Summary Judgment

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.[13]  A disputed fact is material when it could affect the outcome of the suit under the governing substantive law.[14]  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[15]  The Court should view the facts in the light most favorable to the non-

---

[11]   *Connelly v. Lane Const. Corp*., 809 F.3d 780, 787 (3d Cir. 2016) (footnote omitted).

[12]   *Iqbal*, 556 U.S. at 681.

[13]   Fed. R. Civ. P. 56(c).

[14]   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[15]   *Id*. at 250.

moving party and make all reasonable inferences in that party's favor.[16]  When the non-moving party fails to refute or oppose a fact, it may be deemed admitted.[17] Initially, the moving party must show the absence of a genuine issue concerning any material fact.[18]  Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."[19]  "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla."[20]  "If a party ... fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion.[21]

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for trial'."[22]  Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[23]

---

[16]   *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).
[17]   *See* Fed. R. Civ. P. 56(e)(2); Local R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").
[18]   *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[19]   *Anderson*, 477 U.S. at 257.
[20]   *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).
[21]   Fed. R. Civ. P. 56(e)(2)-(3).
[22]   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).
[23]   *Celotex Corp.*, 477 U.S. at 322.

## II.    STATEMENT OF MATERIAL FACTS[24]

On September 26, 2014, Lassegue was sentenced in the United States

District Court for the District of Rhode Island.[25]

On October 7, 2014, the BOP completed Lassegue's initial classification and

Designation and on November 13, 2014, Lassegue arrived at USP-Allenwood.[26]

On July 17, 2015, Lassegue departed USP-Allenwood and on August 13, 2015,

he was designated to, and arrived at, USP-Canaan.[27]

On January 19, 2016, Lassegue departed USP-Canaan and on January 20, 2016

was designated to, and arrived at, USP-Pollock.[28]

On January 11, 2017, Lassegue departed USP-Pollock.[29]

On September 6, 2017, Lassegue's Administrative Tort Claim No. TRT-NER-

2017-03305, received on March 15, 2017, was denied as untimely as follows:

> This office has received your administrative claim in which you seek
> compensation for an alleged personal injury.  Specifically, you allege the
> Designation, Sentence and Computation Center incorrectly classified

---

[24]  Middle District of Pennsylvania Local Rules of Court provide that in addition to filing a
brief in response to the moving party's brief in support, "[t]he papers opposing a motion
for summary judgment shall include a separate, short and concise statement of material
facts responding to the numbered paragraphs set forth in the statement [of material facts
filed by the moving party] ..., as to which it is contended that there exists a genuine issue
to be tried." *See* M.D. Pa. LR 56. 1. The rule further states that the statement of material
facts required to be served by the moving party will be deemed to be admitted unless
controverted by the statement required to be served by the opposing party. *See id*. Because
Plaintiff has failed to file a separate statement of material facts controverting the statement
filed by Defendant, all material facts set forth in Defendant's statement, Doc. 23, will be
deemed admitted.

[25]  Doc. 23-1 at 11.

[26]  Doc. 23-1 at 15.

[27]  *Id*.

[28]  *Id*.

[29]  *Id*.

you as a High security inmate causing you to be erroneously housed in
USP-Allenwood, a more violent and hostile facility.

After review, your claim has been denied because you have failed to
submit your administrative claim within the time restrictions contained
in the applicable statutes and federal regulations.  Your initial
classification and designation was completed on October 7, 2014 and
you arrived at USP-Allenwood on November 13, 2014. According to 28
U.S.C. § 2401(b), "A tort claim against the United States shall be forever
barred unless it is presented in writing to the appropriate Federal agency
within two years after such claim accrues or unless action is begun
within six months after the date of mailing by certified or registered
mail, or notice of final denial of the claim by the agency to which it was
presented."

If you are dissatisfied with this decision, you may bring an action against
the United States in an appropriate United States District Court within
six (6) months of the date of this letter.[30]

By letter dated October 5, 2017, Lassegue sought reconsideration of the denial

of Administrative Tort Claim No. TRT-NER-2017-03305.[31]

On November 1, 2017, the Northeast Regional Office denied Lassegue's

reconsideration of Administrative Tort Claim No. TRT-NER-2017-03305 as follows:

Your request for reconsideration of Administrative Claim No. TRT-
NER-2017-0335, properly received on October 16, 2017, has been
considered for settlement as provided by the Federal Tort Claims Act
(FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R.
§ 543.30.  Damages are sought in the amount of $200,000.00 based on a
personal injury claim. Specifically, you allege the Designation Sentence
and Computation Center (DSCC) incorrectly classified you as a High
Security inmate, causing you to suffer injuries when you were assaulted
by other inmates at USP-Allenwood.

A careful review of the reconsideration shows there is insufficient
evidence to support the allegations of your claim.  Records show your
designation by the DSCC was correctly calculated and verified. Further,

---

[30]   Doc. 23-3 at 13
[31]   Doc. 23-3 at 15.

6

medical records do not indicate your claims of facial fractures or neck injuries resulting from June 19, 2015.  There is no evidence that you experienced a compensable loss as a result of negligence on the part of any Bureau of Prisons employee.  Accordingly, your claim is denied.

If you are dissatisfied with this decision, you may bring an action against the United States in the appropriate United States District Court within six (6) months of the date of this letter.[32]

On February 2, 2018, Lassegue filed Civil Action No. 1:18-cv-0109-SM, in the United States District Court for the District of New Hampshire, seeking $200,000.00 in damages under the FTCA, alleging that the BOP negligently misclassified him as a maximum security inmate and proximately caused him to suffer personal injury when he was subsequently housed at USP Allenwood and assaulted by other inmates.[33]

On May 29, 2019, the United States Attorney's Office for the District of New Hampshire filed a motion to dismiss Lassegue's complaint based on, *inter alia*, improper venue.[34]  On October 7, 2019, Lassegue filed a motion to withdraw his complaint and for change of venue.[35]  By Order dated November 20, 2019, the District of New Hampshire granted Lassegue's motion to withdraw his complaint without prejudice.[36]

On August 25, 2021, Plaintiff filed the instant action.[37]

---

[32]  Doc. 23-3 at 14.
[33]  Doc. 23-2.
[34]  *Id.*
[35]  *Id.*
[36]  *Id.*
[37]  Doc. 1.

## II.    DISCUSSION

### A.    FTCA Claim

Lassegue alleges that he suffered personal injuries after the BOP negligently classified him as a "High" security inmate, causing him to be erroneously housed at USP-Allenwood, which he believed to be a more violent and hostile facility.[38]

The United States claims that it is entitled to summary judgment because the action, arising under the Federal Tort Claims Act ("FTCA") is time-barred.[39]  The United States argues that Plaintiff's action should have been filed within six months of the Northeast Regional Office's November 1, 2017 reconsideration and denial of Plaintiff's Administrative Tort Claim No. TRT-NER-2017-03305, or, at the very latest, six months after the November 20, 2019 dismissal of Lassegue's Civil Action No. 1:18-cv-0109-SM, from the United States District Court for the District of New Hampshire.[40]

In turn, Plaintiff claims that he is entitled to equitable tolling of the statute for two reasons. First, Plaintiff asserts that the "Order by United States District Judge, Steven J. McAuliffe, clearly shows the pleadings does not reveal when the limitations period began to run."[41]  Second, Plaintiff states that he "was on a (IAD) 'Interstate Agreement' from 1-25-19 to 04-15-2021" and that when he "finally got designated back to FCI-Gilmer, on 04/15/2021, Plaintiff was housed in the quarantine unit A-3

---

[38]  *Id.*
[39]  Doc. 22 at 7.
[40]  *Id.*
[41]  Doc. 23-4 at 2.

for 21 days on 24 hours lock down without access to anything except for 15 minute

showers on Monday, Wednesday and Fridays."[42]

Pursuant to 28 U.S.C. § 2401(b),

> A tort claim against the United States shall be forever barred unless it is
> presented in writing to the appropriate Federal agency within two years
> after such claim accrues or unless action is begun within six months after
> the date of mailing, by certified or registered mail, of notice of final
> denial of the claim by the agency to which it was presented.[43]

Under the FTCA, a "claimant must file both a claim with the federal agency within

two years of the tort and a suit within six months of the agency's denial...."[44]

> The FTCA operates as a limited waiver of the United States' sovereign
> immunity.  *See Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003).
> "Because the Federal Tort Claims Act constitutes a waiver of sovereign
> immunity, the Act's established procedures have been strictly
> construed."  *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186,
> 1194 (3d Cir. 1989).  "[W]e should not take it upon ourselves to extend
> the waiver beyond that which Congress intended." *United States v.
> Kubrick*, 444 U.S. 111, 117-18 (1979).[45]

The United States' position that Lassegue must have filed his FTCA action, at

the very latest, six months after the November 20, 2019 dismissal of his civil action in

the District of New Hampshire, necessarily rests upon the plain language of § 2401(b)

and the repeated admonition by courts that the FTCA's procedures must be "strictly

construed".  The Court recognizes, however, that Supreme Court has held that both of

the FTCA's limitations periods are "non-jurisdictional and subject to equitable

---

[42] *Id.* at 2-3.
[43] 28 U.S.C. § 2401(b).
[44] *Sconiers v. United States*, 896 F.3d 595, 598-599 (3d Cir. 2018).
[45] *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010).

tolling." *United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015).  As the Third

Circuit recently explained:

> It is well established that a court may "rescue a claim otherwise barred
> as untimely by a statute of limitations when a plaintiff [shows she] has
> 'been prevented from filing in a timely manner due to sufficiently
> inequitable circumstances.' " [*Santos ex rel. Beato v. United States*, 559
> F.3d 189, 197 (3d Cir. 2009)] (quoting *Seitzinger v. Reading Hosp. &
> Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999)). Tolling "is [an]
> extraordinary" remedy, *id.*, and "is proper only when the 'principles of
> equity would make [the] rigid application [of a limitation period]
> unfair," *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir.
> 1998) (alterations in original) (quoting *Shendock v. Dir., Office of
> Workers' Comp. Programs*, 893 F.2d 1458, 1462 (3d Cir. 1990) (en
> banc)).[46]

Thus, "a litigant is entitled to equitable tolling of a statute of limitations only if the

litigant establishes two elements: '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way and prevented timely

filing'."[47]  A Court should treat these requirements as distinct elements and need not

address both where a Court has already found that the litigant failed to satisfy one of

the elements.[48]  The diligence prong covers "those affairs within the litigant's control"

whereas the extraordinary-circumstances prong covers "matters outside" the litigant's

control.[49]

Here, the record reveals that Lassegue initially filed Administrative Tort Claim

No. TRT-NER-2017-03305 on March 15, 2017.  It was denied on September 6, 2017

---

[46] *D.J.S.-W. v. United States*, 962 F.3d 745, 749-750 (3d Cir. 2020).

[47] *Menominee Indian Tribe of Wis. v. United States*, 136 S.Ct. 750, 755 (2016) (quoting
*Holland v. Florida*, 560 U.S. 631, 649 (2010)).

[48] *Id.*

[49] *Id.* at 756.

as untimely, and Plaintiff was informed he had six months from September 6, 2017 to bring an action against the United States in an appropriate District Court.  Plaintiff, instead, sought reconsideration of the denial of Administrative Tort Claim No. TRT-NER-2017-03305, which was denied on the merits, for insufficient evidence, on November 1, 2017.  Lassegue was informed that he had six months from November 1, 2017 to bring an action against the United States in an appropriate District Court.  On February 2, 2018, three months into the six-month statute of limitations, Lassegue filed a civil action against the United States in the wrong venue.  On November 20, 2019, the District of New Hampshire granted Lassegue's motion to voluntarily withdraw the complaint.  No further action is taken on Administrative Tort Claim No. TRT-NER-2017-03305 until the filing of the instant action on August 25, 2021, some twenty-one (21) months later.

Plaintiff now seeks equitable tolling, arguing, first, that the November 20, 2019 Order of the District of New Hampshire "clearly shows the pleadings does not reveal when the limitations period began to run."[50]  The Court finds this argument of no moment.

The Order of November 20, 2019, notes that while the government filed a motion to dismiss on two grounds: "first that venue is improper in this forum; and second, that the discretionary function exception to the FTCA bars Lassegue's suit[,] Lassegue acknowledges that this suit 'was filed in the wrong court' and moves the

---

[50]   Doc. 26 at 1.

court 'to with withdraw his complaint for a change of venue'."[51]  The Court then grants Lassegue's motion to withdraw and deems the government's motion moot.[52] The Order does not speak to the statute of limitations because it was not raised as a grounds for dismissal; after all, the government sought dismissal on improper venue and, in the alternative, on the merits.  Moreover, the statue was not at issue as Plaintiff had filed his action in the incorrect district court, within six months of the November 1, 2017 denial on the merits of Administrative Tort Claim No. TRT-NER-2017-03305.

Second, Plaintiff argues that he "was on a (IAD) 'Interstate Agreement' from 1-25-19 to 04-15-2021" and "was deprived of access to federal laws and access to the law library," and that when he "finally got designated back to FCI-Gilmer, on 04/15/2021, Plaintiff was housed in the quarantine unit A-3 for 21 days on 24 hours lock down without access to anything except for 15 minute showers on Monday, Wednesday and Fridays."[53]

Plaintiff's conclusory statement provides no support for this Court to find that he diligently pursued her FTCA claim against the United States.  While "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence'," *Holland v. Florida*, 560 U.S. at 653 (internal citations and quotation marks omitted), the undisputed evidence of record in this action reflects

---

[51]  Doc. 23-4 at 2.
[52]  *Id.*
[53]  Doc. 26 at 1.

that Plaintiff did not exercise any diligence in pursuing his FTCA claim in court, let alone "reasonable diligence".  In fact, I find it incredulous that Plaintiff was deprived of access to the law library or to the federal courts for over two years.  Plaintiff's own docket sheet reveals that he was able to litigate his case in the District of New Hampshire.  Within the time frame of January 25, 2019 to April 15, 2021, Plaintiff was able to file a motion to stay (filed on July 8, 2019),  two motions for enlargement of time (filed on August 12, 2019 and September 23, 2019), a motion to withdraw his complaint (filed on October 7, 2019), and finally, a motion for the return of filed documents (filed by Plaintiff on October 30, 2020).[54]

Moreover, Plaintiff's October 23, 2020 transcript of proceedings before the Magistrate Judge Richard D. Raspallo, reveal the following regarding access to the law library:

> THE COURT:  Well, that is something that I know can be resolved. Ms. Dubois, maybe if you call Ms. Kelly, the chief legal counsel for the Department of Corrections, she can arrange to make sure that Mr. Lassegue has access to the law library because he's *pro se*.
>
> MS. DUBOIS:  So, I actually called and talked to Ms. Kelly yesterday. She is the legal counsel for DOC. She put me in contact with Deputy Warden Lyons. So, I transported the disks that he's looking for of the surveillance. That has been conveyed to Ms. Kelly who is going to get it to the Deputy Warden Lyons, and Mr. Lassegue will be able to review those on the DOC computer.  I did reach out to him yesterday just to ensure that because he is *pro se* he should have access to the law library. I do agree with your Honor.
>
> THE COURT:  Not just obviously for the disks, but for him to access the law library for his research.

---

[54]   Doc. 23-2 at 2-5.

> MS. DUBOIS:  Correct. But I did proactively get a hold of Kathy Kelly
> to make sure that that could occur, and they would facilitate that.  I will
> make sure that does happen.  I did also make copies.[55]

Furthermore, Plaintiff cannot escape his lack of diligence by merely claiming

that he had no access to the law library or the courts.  Plaintiff does not assert that

there was ever a specific time he requested the use of the law library and was denied

use or attempted to file a civil action regarding Administrative Tort Claim No. TRT-

NER-2017-03305 and his efforts were rebuked.  As a result, the record is clear that

Plaintiff completely neglected to exercise diligence to preserve his legal rights and to

pursue his FTCA action in court.

Although the Court need not address the extraordinary circumstance prong of

the equitable tolling analysis where Plaintiff has failed to satisfy the diligence prong,[56]

the Court will touch on this briefly.  To meet the second prong of the equitable tolling

test, a litigant must show that the circumstances which caused that litigant's delay "are

both extraordinary and beyond its control."[57]  "In non-capital cases, attorney error,

miscalculation, inadequate research, or other mistakes have not been found to rise to

the 'extraordinary' circumstances required for equitable tolling."[58]

Preliminarily, for the reasons set forth in analyzing the diligence prong, it is

evident that the circumstances which caused Plaintiff's delay were not beyond his

---

[55]  Doc. 34-2 at 29.
[56]  *Menominee Indian Tribe of Wis.*, 136 S.Ct. at 755.
[57]  *Menominee Indian Tribe*, 136 S.Ct. at 756 (emphasis in original).
[58]  *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

control.[59]  The Plaintiff's filings in the District of New Hampshire civil action and  his

discussions on the record at his October 23, 2020 hearing before Judge Raspallo

clearly demonstrate that Plaintiff was not faced with "extraordinary" circumstances

that prevented him from being able to file a civil action in this Court within six

months of the November 20, 2019 Order dismissing his case from the District of New

Hampshire.  Consequently, he has established no basis for this Court to find

"extraordinary" circumstances and apply the extraordinary remedy of equitable

tolling.

As Plaintiff has not established that he diligently pursued his rights and that

some extraordinary circumstance stood in his way and prevented timely filing,

Plaintiff's FTCA claim is not entitled to equitable tolling and the United States is

entitled to summary judgment.

### B.  *Bivens* Claim

Plaintiff's complaint contains the following *Bivens* claim:

> Insofar, Plaintiff's Eighth and Fourteenth Amendment rights were
> violated. First, Plaintiff's Eighth Amendment right was violated when
> the BOP employees neglected his need for medical assistance.
> Specifically, after the Plaintiff was assaulted by several inmates at USP-
> Allenwood, the only aftercare that they provided was rinsing the mace
> that was inadvertently sprayed on him off.  They then placed him in the
> Special Housing Unit (SHU).  Plaintiff made several attempts to obtain
> medically treatment but was consistently and intentionally ignored by
> these BOP employees.  Plaintiff was left to bear and suffer the pain
> which resulted from his facial and neck injuries. Second Plaintiff's

---

[59] *See D.J.S.-W*, 962 F.3d at 751 (recognizing that "diligence" and "extraordinary circumstances" are distinct elements but explaining that "prior [Third Circuit] case law [which] may appear to have blended the two components, ... is merely a reflection of the fact that, in practice, the two elements often go hand in hand.").

Fourteenth Amendment right was violated because generally applicable
constitutional guarantees, including due process and equal protection
rights were abandoned.  Thus, Plaintiff was deprived of such rights and
entitled to the relief requested.[60]

The United States, states that at present, no individual defendant has requested

representation approval because, although service was ordered by this Court, no

individual Defendant has been alleged to be involved in any potentially actionable

conduct.[61] In his opposition brief, Lassegue identifies several individuals who he

asserts he is bringing claims against under the Eighth Amendment.[62]  While

Defendant correctly argues that Plaintiff cannot amend a pleading in an opposition

brief,[63] Plaintiff's *Bivens* claim suffers from a greater defect: the action is barred by

the statute of limitations.

A District Court can raise the issue of the statute of limitations *sua sponte* at the

screening stage.[64]  While a plaintiff is not required to plead that the claim has been

brought within the statute of limitations,[65] the Supreme Court observed in *Jones v.*

*Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that

relief is barred by the applicable statute of limitations, the complaint is subject to

---

[60]  Doc. 1 at 7.

[61]  Doc. 36 at 11.

[62]  Doc. 34 at 4.

[63]  *Roman v. Geisinger W.V. Medical Center*, Civ. No. 3:20-45, 2021 WL 1173000 *2
(M.D.Pa. Mar. 29, 2021) (citing *Guevara v. Elizabeth Public Schools*, 2019 WL 3244592,
*4 (D. N.J. July 18, 2019) (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173,
181 (3d Cir. 1988)).

[64]  *See Hunterson v. Disabato*, 532 F. App'x 110, 111-12 (3d Cir. 2007) ("[A] district court
may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is
apparent from the complaint that the applicable statute of limitations has run.").

[65]  *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002)

dismissal for failure to state a claim." The same principle applies to screening

complaints under the PLRA.[66] The Court recognizes that "[a] § 1915(e) screening

determination is a preliminary and interlocutory holding, subject to revision at any

time prior to entry of final judgment."[67]

Under Pennsylvania law, there is a two-year statute of limitations period for

personal-injury torts.[68] Because a § 1983 claim is characterized as a personal-injury

claim, such claims are governed by the applicable state's statute of limitations for

personal-injury claims.[69]

The limitation period begins to run on the accrual date, which is governed by

federal law.[70] Under federal law, a claim accrues when the facts which support the

---

[66] *See Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x. 142, 144 (3d Cir. 2017) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required."); *Paluch v. Secretary Pennsylvania Dept. of Corrections*, 442 F. App'x. 690, 694 n. 2 (3d Cir. 2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 2010 WL 3446879 at *4 (3d Cir. Sept.2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A"); *see also Archie v. City of Newark*, No. CIV. 12–3657 FSH, 2012 WL 2476229, at *3 (D.N.J. June 27, 2012) (dismissing complaint as time barred under sua sponte screening authority).

[67] *Richardson v. Cascade Skating Rink*, No. 19-08935, 2020 WL 7383188, at *2, 2020 U.S. Dist. LEXIS 236296, at *4-5 (D.N.J. Dec. 16, 2020)(quoting *Magruder v. Grafton Corr. Inst.*, No. 19-1980, 2020 WL 2814352, at *3, 2020 U.S. Dist. LEXIS 93926, at *7-8 (N.D. Ohio April 1, 2020

[68] 42 Pa. Cons. Stat. § 5524.

[69] *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989).

[70] *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

claim reasonably should have become known to the plaintiff.[71]  "The determination of the time at which a claim accrues is an objective inquiry; [courts] ask not what the plaintiff actually knew but what a reasonable person should have known."[72] Importantly, accrual is not tied to whether the potential claimant knew or should have known that the injury constitutes a legal wrong.[73]  Rather, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person."[74]  Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury."[75]  Furthermore, "the rule that a cause of action accrues upon discovery of the injury does not require that a plaintiff have identified every party who may be liable on its claim."[76]

Judged by these benchmarks, Lassegue's *Bivens* action is plainly time-barred. Plaintiff's complaint reveals that his Eighth and Fourteenth Amendment Constitutional claims are born out of an incident that occurred on June 19, 2015 in which Plaintiff suffered injuries when he was assaulted by other inmates at USP-

---

[71]  *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *Cetel v. Kirwan Fin. Grp. Inc.*, 460 F.3d 494, 507 (3d Cir. 2006) (quoting *Mathews v. Kidder Peabody & Co*., 260 F.3d 239, 252 (3d Cir. 2001)); *see also Large v. County of Montgomery*, 307 F. Appx. 606, 606 (3d Cir. 2009).

[72]  *Kach*, 589 F.3d at 634.

[73]  *Giles v. City of Philadelphia*, 542 F. App'x. 121, 123 (3d Cir. 2013) (citing *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982)).

[74]  *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) aff'd, 504 F. App'x. 182 (3d Cir. 2012).

[75]  *Kach*, 589 F.3d at 634.

[76]  *Graff v. Kohlman*, 28 F. App'x. 151, 154 (3d Cir. 2002) (*citing New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1125 (3d Cir. 1997)).

Allenwood.  This incident certainly occurred more than two years prior to the August 25, 2021[77] filing of the instant action.  "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."[78]

Because the statute of limitations defense is apparent on the face of Lassegue's complaint, it is subject to dismissal as legally frivolous pursuant to the Court's screening authority under 28 U.S.C. § 19159(e)(2)(B)(i) and § 1915A(b)(1). Moreover, as the complaint fails to reveal any ground for equitable tolling of the statute of limitations,[79] it will be dismissed with prejudice.[80]

## III.   CONCLUSION

Based on the foregoing, the Defendant's Motion to Dismiss, or in the alternative for Summary Judgment, will be granted as to Plaintiff's FTCA claim.  The

---

[77]   The Court notes that Plaintiff's complaint was signed on August 10, 2021 and his mailing envelope is postmarked August 25, 2021. Thus, even providing Plaintiff the benefit of the signature and postmark date, does not bring his complaint within the required June 19, 2017 timely file date. *See Houston v. Lack*, 487 U.S. 266 (1988) (finding that the computation of time for complaints filed by pro se inmates is determined by the "mailbox rule").

[78]   *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

[79]   Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.' " *Omar v. Blackman*, 590 Fed.Appx. 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).  The Court has already established that Plaintiff is not entitled to equitable tolling with respect to his FTCA claim.  The same analysis applies to his *Bivens* claim.

[80]   *Ostuni v. Wa Wa's Mart*, 532 Fed.Appx. 110, 112 (3d Cir. 2013) (*per curiam*) (affirming dismissal with prejudice due to expiration of statute of limitations).

Court will dismiss Plaintiff's *Bivens* complaint as legally frivolous as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge